UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


THE LLAMAS GROUP CONSTRUCTION,
INC., a Michigan corporation, THE LLAMAS
GROUP CORP., a Michigan corporation,
INTERIOR/EXTERIOR SPECIALISTS,
INC., a Michigan corporation,

                Plaintiffs,

v.                                                 Case No. 09-11496
                                                 HONORABLE DENISE PAGE HOOD

UNITED STATES OF AMERICA,
INTERNAL REVENUE SERVICE, and
WENDY MALLOY, an individual,

                Defendants.
_____/

## ORDER

**I.    INTRODUCTION**

This matter is before the Court on Defendant United States of America's (the Government) Motion to Dismiss [Docket #11, filed on July 13, 2009]. Plaintiffs filed a Response to the Government's Motion [Docket # 16, filed on August 3, 2009], to which the Government filed a Reply [Docket #21, filed on August 10, 2009]. This matter is also before the Court on the Government's Motion to Dismiss Improperly Joined Parties [Docket #19, filed on August 10, 2009]. Plaintiffs filed a Response to the Government's Motion [Docket # 23, filed on August 31, 2009], to which the Government filed a Reply [Docket #24, filed on September 4, 2009].

**II.    FACTS**

Plaintiffs contend they fell behind in federal tax payments due to financial difficulties.

1

According to Plaintiffs, the IRS levied Plaintiffs' payroll accounts, depleting the accounts, with express knowledge that they were dedicated to payroll. Plaintiffs contend they then had to use other funds, such as funds intended to be used for tax payments, for payroll, exacerbating their inability to pay taxes. Plaintiffs further state that Defendant Wendy Malloy, an IRS employee, and her supervisor have refused to return money taken from Plaintiffs' payroll accounts, claiming that unpaid taxes are still owed. Plaintiffs contend that the amount owed to the IRS has not been verified, and that the IRS did not properly apply payments made by Plaintiffs.

With the assistance of an outside firm, Plaintiffs submitted two proposed Installment Agreements to the IRS, in compliance with 26 U.S.C. § 6159, in an effort to resolve the tax issues. Plaintiffs allege that the IRS refuses to respond to either proposal, as well as to telephone calls made on Plaintiffs behalf. Plaintiff seeks direct and consequential damages, including interest, costs, and fees.

## III. ANALYSIS

### A. United States' Motion to Dismiss

The Government claims that Plaintiffs' Complaint should be dismissed under Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction, and/or under Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. For the reasons discussed below, this Court finds that, under either Rule, the case must be dismissed.

The Internal Revenue Code imposes a requirement that taxpayers exhaust all available administrative remedies with the IRS prior to filing an action for damages. 26 U.S.C. § 7433 (d)(1) ("A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."). The Government argues that this Court lacks subject matter jurisdiction over Plaintiffs' claims because Plaintiffs have not exhausted administrative remedies. Specifically, the

2

Government maintains that Plaintiffs have not filed a written claim for damages with the IRS, expressly stating: (1) the grounds, in reasonable detail, for the claim (including copies of any available substantiating documentation or correspondence with the IRS); (2) a description of the injuries incurred by the taxpayer filing the claim (including copies of any available substantiating documentation or evidence); and (3) the dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable (including copies of any available substantiating documentation or evidence), in compliance with 26 C.F.R. § 301.7433-1(e)(2). Further, the Government argues that Plaintiff has failed to demonstrate compliance with the timing requirements of 26 C.F.R. § 301.7433-1(g), as well as other requirements for exhausting administrative remedies.

Plaintiffs do not claim to have exhausted their administrative remedies. Instead, they argue that the IRS and Defendant Malloy have prevented them from availing themselves of such remedies, and that the continued pursuit of administrative remedies would be futile.[1] Plaintiffs cite the IRS and Defendant Malloy's failure to respond to Plaintiffs' proposed agreements, and repeated failures to return telephone calls made on behalf of Plaintiffs. However, as the Government notes, the attempted communications with the IRS were not in compliance with § 7433, and Plaintiffs have neither alleged nor demonstrated that they filed an administrative claim for damages in compliance with the regulations. This matter must be dismissed without prejudice, to afford Plaintiffs the opportunity to exhaust all available administrative remedies in compliance with the cited statutes and regulations. The Government's Motion to Dismiss the Complaint is GRANTED.

---

[1] Plaintiffs cite a case from the Northern District of New York, *Libutti v. United States*, which states that "[e]xcuse from adherence to the doctrine of exhaustion of administrative remedies has been recognized, essentially, on the basis of futility. However, the Supreme Court has limited the applicability of the futility excuse to 'where the administrative agency is shown to be biased or has otherwise predetermined the issue before it.'" 910 F.Supp. 67, 72 (N.D.N.Y. 1995).

### B. United States' Motion to Dismiss Improperly Joined Parties

In addition to claims against the Government, Plaintiffs bring claims against the IRS and Ms. Wendy Malloy. The Government argues that both the IRS and Ms. Malloy are improper parties to this action. Plaintiff argues that the Government does not have standing to seek a dismissal of claims on behalf of either Defendant IRS or Defendant Malloy, as the Government has no stake in the outcome of Plaintiffs' claims against either party.

The IRS is an United States agency. As cited in the Government's brief, "[a]n executive department of the United States or one of its agencies may only be sued in its own name if the authority to be sued has been expressly conferred by Congress." *Deleeuw v. IRS.*, 681 F. Supp. 402, 403 (E.D. Mich. 1987), citing *Blackmar v. Guerre*, 342 U.S. 512, 515 (1952). "The general rule is that a suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." *Dugan v. Rank*, 372 U.S. 609, 620 (1963). Plaintiff cites no authority justifying a departure from this rule. As an agency of the United States, the IRS is an improper party to this action.

According to the Government, Defendant Malloy was improperly served in this matter. However, even if Defendant Malloy was properly served, the Government maintains that she is an improper party to this action. Suit against the United States is the exclusive remedy for a taxpayer seeking civil damages. *See* 26 U.S.C. § 7433(a) ("If , in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service . . . disregards any provision of this title . . . such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action

4

shall be the exclusive remedy for recovering damages resulting from such actions.").[2] Plaintiffs do not address the statute, but assert that the Government does not have a stake in the outcome of Plaintiffs' claim against Defendant Malloy. However, as an officer or employee cannot be held personally liable under § 7433, the Government does have a stake in the outcome of the litigation. Under the Internal Revenue Code, Defendant Malloy is an improper party.

**IV.    CONCLUSION**

For the reasons discussed above,

**IT IS ORDERED** that Defendant United States of America's Motion to Dismiss [Docket #11, filed on July 13, 2009] is GRANTED.

**IT IS FURTHER ORDERED** that Government's Motion to Dismiss Improperly Joined Parties [Docket #19, filed on August 10, 2009] is GRANTED.

**IT IS FURTHER ORDERED** that this matter is DISMISSED without prejudice.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  February 12, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 12, 2010, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager

---

[2] Section 7432 concerns civil damages for failure to release a tax lien, and is not applicable in this case.